BATES-BOWMAN CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11357.  Promulgated June 4, 1929.

*H. Kennedy McCook, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

## OPINION.

TRAMMELL: On motion of the petitioner, duly granted, the hearing in this proceeding was limited in the first place to the issues other than special assessment. In the petition it is alleged that the respondent erred (1) in disallowing deductions for replacement of furniture and fixtures; (2) in disallowing deductions for the amortization of the petitioner's leasehold; (3) in excluding from invested capital the value of the leasehold; and (4) in refusing to compute the petitioner's profits tax for the years 1919 and 1921 under the

provisions of section 328 of the Revenue Acts of 1918 and 1921 and in failing to allow the petitioner greater relief for the year 1920 under the provisions of section 328 of the 1918 Act.

Issue (1) was abandoned by the petitioner, and the hearing on the issue of special assessment has been deferred under Rule 62 (a). This leaves for consideration here only issues (2) and (3), which involve the question of the value, if any, of the petitioner's leasehold for the purpose of computing invested capital and deductions for exhaustion.

It is alleged in the petition that the leasehold had a value, at date of acquisition, of not less than $1,200,000 in excess of the stipulated rentals. But in its brief the petitioner asserts that its lease had a fair market value in 1918 of $976,776, and contends that it is entitled to include said amount in its invested capital and is entitled to deductions for exhaustion on the basis of that valuation. The respondent denies that the lease had any value whatever in excess of the rentals, and declined to include any amount therefor in invested capital, or to allow any deductions for exhaustion.

The evidence discloses that the Murray Hill Hotel in 1918 was a valuable property, being located near the Grand Central Terminal and adjacent to the shopping and theatre districts of New York City. The hotel had been kept in good condition and possessed a long established clientele. It had 400 rooms, and was completely furnished. Its assessed valuation was $3,780,000.

The Revenue Acts of 1918 and 1921, in section 326 (a) (2), define " invested capital " as including, *inter alia*, the " actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment."

A leasehold is tangible property, and when acquired by a corporation in exchange for its stock, prior to March 3, 1917, may be included in the computation of invested capital at its actual cash value in accordance with the provisions of section 326 (a) *supra. Henderson Overland Co.*, 4 B. T. A. 1088; *Opperman Coal Co.*, 6 B. T. A. 1215.

The question for consideration here is whether the leasehold, which was paid in for the petitioner's stock, had an actual cash value in excess of the reserved rentals at the time of such payment. The lease contract provided that in the event the landlord should sell the premises to a bona fide purchaser, the landlord or purchaser, at his option, might cancel or terminate the lease upon 60 days' notice. In view of the right thus retained by the lessor, we are unable to conclude that any reasonably prudent business man would have purchased the lease contract at a bonus, since the leasehold might be terminated at any time upon 60 days' notice. The purchaser under

such circumstances would have no assurance that he would be able to recover out of earnings from the operation of the hotel any amount paid for the contract, much less to make a profit on the transaction.

The petitioner offered the testimony of two witnesses, who expressed opinions that the lease contract in question had a value of $976,776 and $1,500,000, respectively. These opinions were predicated upon the assumption that a reasonable rental for the Murray Hill Hotel was $180,000 to $200,000 per year, while the petitioner was required to pay an annual rental of only $74,250, but it is not shown that said witnesses took into consideration the cancellation provisions above referred to.

In the light of all the evidence before us, we are unable to say that the respondent erred in refusing to include in the petitioner's invested capital any amount on account of the value of said leasehold, or to allow deductions for the exhaustion thereof.

The respondent's action in respect of issues (2) and (3) is approved.

Reviewed by the Board.

*Further proceedings will be had under Rule 62 (b).*